THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **CYNTHIA JONES,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al.,**<br><br>**Defendants.** | Civil No. 23-1987 (RBK/SAK) |

**REPORT AND RECOMMENDATION**
**RE: DISMISSAL OF PLAINTIFF'S COMPLAINT**

This matter has been raised *sua sponte* by the Court because of *pro se* Plaintiff's failure to comply with this Court's scheduling and pretrial Orders and failure to appear for Court-Ordered hearings/conferences. For the reasons to be discussed, it is respectfully recommended that Plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 16(f). This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1). The Court makes the following findings in support of this Recommendation.

**I.     BACKGROUND**

Plaintiff initially filed this action on February 23, 2023 in state court against Defendants United States Department of Housing and Urban Development ("HUD") and Wildwood Housing Authority (collectively, "Defendants"). *See* Compl. [ECF No. 1-1]. Plaintiff's complaint asserts, *inter alia*, various allegations concerning Sandman Tower, a public housing facility operated by Defendant Wildwood Housing Authority. *See id.* Specifically, Plaintiff alleges that she lived in the facility, that a tenant repeatedly harassed her, and that staff members failed to maintain the

premises in a satisfactory manner, discriminated against, and unlawfully removed her from her apartment. *See id.* at 2–3.[1] Plaintiff appears to be suing both Defendants based upon the foregoing allegations. On April 7, 2023, HUD removed the action to federal court. In its removal papers, HUD noted Plaintiff had failed to properly effect service under state or federal law. *See* ECF No. 1, at 3.

Shortly thereafter, Assistant U.S. Attorney ("AUSA") Kevin J. Maggio, counsel for HUD, filed a letter concerning the status of service on HUD. *See* Letter, Apr. 14, 2023 [ECF No. 3]. Therein, AUSA Maggio advised that, despite the action's removal, "the State Court convened a remote, non-jury trial on April 10, 2023 . . . and intended to dismiss the State Court Action when Plaintiff did not appear for the trial." *Id.* at 1. AUSA Maggio further advised that his "Office clarified for the State Court that HUD had already removed" the case and that HUD could proceed no further in the state action. *Id.* at 1–2. AUSA Maggio stated that HUD only "attended the remote trial . . . for the sole purpose of ensuring the State Court was fully aware that the State Court Action had been removed." *Id.* at 2 n.2. He also contended that Plaintiff had still failed to properly serve HUD. *See id.* at 2–3.

In response to HUD's letter, the Court scheduled a status conference for May 2, 2023 to address the status of service. *See* Order, Apr. 17, 2023 [ECF No. 4]. No appearance was made by Plaintiff or an attorney on her behalf at the May 2, 2023 status conference. As a result, the Court rescheduled the status conference to May 17, 2023. *See* Order, May 2, 2023 [ECF No. 6]. Neither Plaintiff nor an attorney on her behalf made an appearance at the May 17, 2023 status conference. *See* Min. Entry [ECF No. 7]. In response to Plaintiff's repeated failure to appear, the Court issued an Order to Show Cause ("OSC") and Scheduling Order, which states in part:

---

[1] Since Plaintiff's Complaint contains conflicting and missing page numbers, all references shall refer to the page numbers reflected in ECF No. 1-1's header.

> **IT IS HEREBY ORDERED** . . . that Plaintiff shall call in for a telephone conference on **June 14, 2023 at 10:30 a.m.** to show cause as to why she should not be sanctioned for her unexcused failure to appear at the May 2, 2023 and May 17, 2023 telephone status conferences. . . .
>
> **FAILURE TO APPEAR** in response to this Order to Show Cause may result in the imposition of sanctions.

OSC & Sched. Order, May 17, 2023, at 1 [ECF No. 8]. Neither Plaintiff nor an attorney on her behalf appeared at the June 14, 2023 show cause hearing and status conference. *See* Min. Entry [ECF No. 9].

## II. DISCUSSION

Federal Rule of Civil Procedure 16 provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a scheduling or other pretrial conference [or] . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(A), (C). This includes "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal is an extreme sanction, reserved for cases where a litigant has acted in flagrant bad faith or callous disregard of his or her responsibilities. *See Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Third Circuit has also recognized that courts have the inherent equitable power to dismiss an action as a sanction for failure to prosecute, contempt of court, or abuse of litigation practices. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1179 n.15 (3d Cir. 1993) (citations omitted).

In determining whether dismissal is an appropriate sanction for violation of a scheduling or other pretrial order, courts generally consider the factors outlined in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). Such analysis, however, is not always necessary. *See, e.g.*, *Dover v. Digugliemo*, 181 F. App'x 234, 238 (3d Cir. 2006) ("[A] *Poulis* analysis is

unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal."). The *Poulis* factors to be weighed are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Orama v. Boyko*, 243 F. App'x 741, 742–43 (3d Cir. 2007) (alteration in original) (citing *Poulis*, 747 F.2d at 868). Whether to dismiss a case or claim is within a district court's discretion. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221–22 (3d Cir. 2003). No particular *Poulis* factor is controlling, and dismissal may still be warranted even if some of these factors are not satisfied. *See id.* at 221 (citation omitted).

Although a *Poulis* analysis may not be warranted in this matter,[2] the Court finds an analysis of the *Poulis* factors supports a recommendation of dismissal. First, Plaintiff carries full personal responsibility for her failure to participate in the case because she is proceeding *pro se* in this action. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008) ("It is logical to hold a *pro se* plaintiff personally responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). This is especially true here because Plaintiff initiated this action *pro se* and has since failed to appear or participate in any capacity—including her failure to appear before the state court for trial when it was unaware of the action's removal. Moreover, Plaintiff was ordered to appear on multiple occasions but failed to do so, despite the Court's warning that her failure to appear could result in the imposition of sanctions. As such, responsibility for Plaintiff's failure to appear and to comply with the Court's Orders cannot be placed on anyone but Plaintiff herself.

---

[2] Plaintiff has repeatedly failed to appear for Court-Ordered conferences to address the defect in service of process, which has prevented this case from moving forward.

Second, the prejudice to Defendants caused by Plaintiff's repeated failure to comply with the Court's Orders also supports dismissal.  The Third Circuit has instructed that "prejudice is not limited to 'irremediable' or 'irreparable' harm," and includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Briscoe*, 538 F.3d at 259 (citations omitted).  Oftentimes, this type of prejudice involves disputes between the parties on discovery or other pretrial matters, such as a failure to cooperate with discovery requests, court orders, or scheduled conferences. *See id.*; *see also Hoffman v. Palace Ent.*, 621 F. App'x 112, 115 (3d Cir. 2015) (affirming the dismissal of a *pro se* plaintiff's civil rights action, in part, because her repeated failure to cooperate and to appear at necessary pretrial conferences caused prejudice to the defendants).  Here, Plaintiff's repeated failure to comply with the Court's Orders and to appear at necessary pretrial conferences has caused unnecessary delay.  The pretrial conferences were ordered for the purpose of addressing Plaintiff's insufficient service of process.  Plaintiff's failure to attend the conferences, or otherwise cure the defective service, has prevented Defendants from responding to the Complaint and prevented this litigation from proceeding.  Accordingly, the Court finds that Plaintiff's conduct has prejudiced Defendants and that this factor weighs in favor of dismissal.

Plaintiff's history of dilatoriness also favors dismissal.  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trustees of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted).  Plaintiff has ignored several Court Orders and has failed to appear on numerous occasions—at both the state and federal level.  At present, Plaintiff has not participated in the case since the action was removed.  Thus, the record demonstrates that Plaintiff has a well-documented history of dilatoriness and noncompliance with

the Court's Orders, which weigh in favor of dismissal.  In fact, at this time, there is no indication in the record that Plaintiff wishes to pursue the case.

Plaintiff's conduct in this case, or lack thereof, has been willful, which weighs in favor of dismissal.  Plaintiff's willful failure to participate in this litigation is manifest as evidenced by her repeated refusals to comply with the Court's Orders. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (finding the record supported the district court's conclusion that the litigant's "conduct in failing to comply with the court's orders and in dragging the case out was willful and not merely negligent or inadvertent").  Plaintiff's willful refusal to comply with the Court's Orders directing her to appear by telephone on numerous occasions and to show cause for her repeated unexcused absences demonstrate a disregard for the Court's authority.

Because Plaintiff has repeatedly ignored the Court's Orders, the Court finds that dismissal is the only effective sanction.  Plaintiff has been afforded ample opportunity to show cause for her actions but has failed to do so.  The Court foresees no prospect that giving Plaintiff another chance to appear would elicit a change of behavior.

Lastly, the Court considers whether Plaintiff's claims or Defendants' defenses are meritorious.  As the *Poulis* court noted, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." 747 F.2d at 869–70.  It is unclear to the Court at this time whether Plaintiff's claims have merit.  Accordingly, the Court finds a balancing of the *Poulis* factors favors dismissal. *See, e.g.*, *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) ("Not all of these factors need be met for a district court to find dismissal is warranted."); *Pak-Vak Sys. v. T&S Products*, No. 05-3518, 2006 WL 2844149, at *1 n.1 (D.N.J. Sept. 6, 2006), *adopted by* 2006 WL 2844162, (D.N.J. Oct. 3, 2006) (concluding that dismissal was warranted without any finding as to whether

a meritorious defense exists because the prejudice to the defendant was clear due to the plaintiff's repeated failure to comply with court orders).

The Court recognizes that dismissal of a complaint is reserved for the most extreme cases. *See Poulis*, 747 F.2d at 867–88. However, this relief is appropriate here. Plaintiff willfully refuses to comply with and repeatedly ignores the Court's Orders. It is evident that Plaintiff's inaction manifests her intention to abandon the case. Under these circumstances, the Court finds there is no lesser alternative sanction than the dismissal of Plaintiff's claims.

### III.  CONCLUSION

Accordingly, for all the foregoing reasons, it is this **15th** day of **June**, **2023**, respectfully recommended that Plaintiff's complaint be dismissed. Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(c)(2), the parties shall have fourteen (14) days from the date of this Order in which to file any objections with the Court.

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc:  Hon. Robert B. Kugler, U.S.D.J.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **CYNTHIA JONES,**<br><br>    **Plaintiff,**<br><br> v.<br><br>**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al.,**<br><br>    **Defendants.** | Civil No. 23-1987 (RBK/SAK) |

## PROPOSED ORDER

 This matter has been raised *sua sponte* by the Court because of *pro se* Plaintiff's failure to comply with this Court's scheduling and pretrial Orders; failure to appear for Court-Ordered hearings/conferences on May 2, 2023, May 17, 2023, and June 14, 2023; and failure to prosecute her case. *See* Order to Show Cause, May 17, 2023 [ECF No. 8]; and the Court having considered the Report and Recommendation submitted by the Honorable Sharon A. King, U.S.M.J., pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they have fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to L. CIV. R. 72.1(c)(2), and no objections having been received; and the Court finding that the Report and Recommendation is neither clearly erroneous, nor contrary to law; and for good cause shown,

 **IT IS** on this \_\_\_ day of _____, 2023, hereby

 **ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

 **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

                _____
                ROBERT B. KUGLER
                United States District Judge